# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 27, 2001 Session

## STATE OF TENNESSEE v. JOHN HENRY SPARROW, III

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR4260     Allen Wallace, Judge**

---

**No. M2000-03238-CCA-R3-CD - Filed April 16, 2002**

---

Jerry L. Smith, J., concurring in results.

For the reasons stated in my opinion concurring in part and dissenting in part in State v. Linnell Richmond, No. E2000-01499-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 830 (Tenn. Crim. App. at Knoxville, Oct. 15, 2001), I can only concur in the result reached by the majority in this case.

In Richmond, I expressed the opinion that recent Tennessee Supreme Court precedent in the area of lesser-included offenses mandated that, at least with respect to Burns part (a) lesser-included offenses, a jury instruction must be given on such lesser offenses if the proof is sufficient to sustain a guilty verdict on the greater offense. Moreover, I opined that this same precedent allowed an appellate court to find an erroneous failure to give such an instruction harmless beyond a reasonable doubt in the situation presented in State v. Williams, 977 S.W.2d 101 (Tenn. 1998).

Recently however, the Tennessee Supreme Court decided the case of State v. Walter Lee Allen, No. E1998-00416-SC-R11-CD (Tenn. Feb. 22, 2002) (electronic database citation not yet available), in which the court makes plain that harmless error analysis in this area is not limited solely to the Williams scenario. However, the court also appears in Allen to reinforce the notion that a lesser-included offense instruction is mandated with respect to offenses under part (a) of Burns whenever sufficient proof exists to sustain a conviction to the greater offense. Allen at ____.

With our supreme court's opinion in Allen in mind I must conclude in the instant case that the trial judge's failure to instruct on the lesser-included offense of attempted false imprisonment was erroneous. However, it is clear to me that given the facts of this case no juror could have concluded that the four-year-old victim was thirteen-years-old or older. Therefore, the error in this case is harmless beyond a reasonable doubt, and I concur in the judgment of the court affirming the appellant's conviction.

_____
JERRY L. SMITH, JUDGE